IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOARD OF TRUSTEES OF OPERATING ENGINEERS LOCAL 66 COMBINED FUNDS, INC.
Plaintiff,

v.

HUNTAR DEVELOPMENT CORPORATION
Defendant,

v.

S&T BANK, SKY BANK, NORTHSIDE BANK, YARBOROUGH DEVELOPMENT and JENDOCO CONSTRUCTION CORP.,
Garnishees.

Misc. Action No. 04-399

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.

June 16, 2007.

This is a garnishment action, arising out of an underlying ERISA claim. Plaintiff, Board of Trustees of Operating Engineers Local 66 Combined Funds, Inc., obtained a judgment against defendant, Huntar Development Corporation, for delinquent fringe benefits. Plaintiff then filed a Writ of Execution naming S&T Bank, Sky Bank, Northside Bank, Yarborough Development ("Yarborough"), and Jendoco Construction Corporation as garnishees. Plaintiff obtained a Judgment by Admission against Yarborough in the amount of $22,800. Yarborough, petitioner here, has filed a motion to strike/open the judgment by admission. Petitioner argues that the clerk of court erroneously entered judgment against it because petitioner never admitted that it owed defendant any money.

For the reasons set forth below, the motion will be granted.

I. BACKGROUND

Petitioner was the general contractor on a development project in Monroeville, Pennsylvania known as Monroe Meadows. According to petitioner, it entered into a contract with defendant whereby defendant was to perform site work and earth work, install storm and sanitary sewers, and provide inspections and certifications of the sewers.

Plaintiff sent interrogatories to the garnishees, including petitioner. Petitioner provided the following answers to questions 1 and 2 of the interrogatories:

> 1. At the time you were served, or at any subsequent time:
>    a. did you owe defendant any money?
>    b. were you liable to defendant pursuant to any note or agreement?
>    c. did defendant claim that you owed him any money or were liable to defendant for any reason?
>
> 1. a. No.
>    b. No.
>    c. No.
>
> 2. If the answer to interrogatory No. 1 is "yes", state for each account:
>
>    a. Parties to the instrument/agreement;
>    b. Date of the instrument/agreement;
>    c. Nature/description of the instrument/agreement;
>    d. Amount of the payments due thereunder;
>    e. Frequency of payments;
>    f. Amount of the payments made to date;
>    g. Balance due under the instrument/agreement.

> 2. (a)-(g) As a result of a construction project known as Monroe Meadows, Yarborough Development is holding $38,000.00 in retainage.

As a result of the answer to Interrogatory No. 2, plaintiff filed a Praecipe for Judgement by Admission against petitioner. On February 16, 2005, the Clerk of Court entered judgment by admission in the amount of $22,800 in favor of plaintiff and against petitioner. Petitioner now seeks to strike or open that judgment. Plaintiff opposes the motion.

II. DISCUSSION

The parties agree that Pennsylvania law governs this action. Pennsylvania Rule of Civil Procedure 3146(b)(1) provides for judgment against a garnishee by admissions contained in answers to interrogatories as follows:

> [T]he protonothary on praecipe of the plaintiff, shall enter judgment against the garnishee for the property of the defendant admitted in the answer to interrogatories to be in the garnishee's possession, subject to any right therein claimed by the garnishee, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs...
>
> Pa.R.Civ.P. 3146(b)(1)

Under Pennsylvania law, the admissions of a garnishee, made as answers to a judgment creditor's interrogatories, will support the entry of judgment "only in a clear case, where there is a distinct admission of liability by the garnishee to the defendant." Ruehl v. Maxwell Steel Co., Inc., 327 Pa. Super. 39

(Pa. Super. 1984), quoting Bartram Building and Loan Association v. Eggleston, 335 Pa. 42 (Pa. 1939). If there is any doubt regarding the garnishee's admission, judgment should not be entered. Ruehl, 335 Pa. at 43, quoting Goodrich-Amram 2d § 3146(b):1.1. Indeed, courts and commentators have emphasized that judgment on admission "cannot be entered unless some part of the plaintiff's claim is 'unequivocally and unqualifiedly admitted to be due by the defendant's answer.'" Id. (citations omitted). Where judgment against a garnishee has been improperly entered in the basis of such admissions, such judgment may be stricken. Id.

Petitioner seeks to have the judgment in this case stricken because it clearly denied any liability in its answer to Interrogatory No. 1. According to petitioner, under the terms of its contract with defendant, it is entitled to retain the $38,000 until defendant provides the appropriate sewer certification for the storm water and the sanitary sewage systems. Further, petitioner claims that it is entitled to retain the aforesaid money until it can verify that defendant is not liable for a landslide that occurred in the construction project.

Plaintiff notes that petitioner did not claim any interest in the $38,000 by explaining its interest as a "New Matter," as it was allowed to do under Pennsylvania's Rule of Civil Procedure. Therefore, plaintiff contends, petitioner

unequivocally identified that it has property in its possession belonging to defendant. We disagree.

Petitioner could have listed its explanation regarding the nature of the retainage as a "New Matter." However, the fact that it did not, does not mean that it "unequivocally" admitted that it had defendant's property in its possession. To the contrary, petitioner unequivocally stated that it did not owe defendant any money.

The record before us does not so clearly establish that petitioner holds defendant's monies as opposed to its own funds. It is not uncommon for a construction contract to permit a general contractor to retain a certain percentage of payments due to its subcontractors, in order to insure that the work is properly performed. We have not found, and the parties have not cited, any Pennsylvania decisions directly addressing how retainage should be regarded in a judgment action of this sort. However, Ruehl explicitly states that an entry of judgment by admission should occur "only in a clear case, where there is a distinct admission of liability" on the part of the garnishee. 335 Pa. at 43. Petitioner explicitly denied liability in Interrogatory No. 1. We agree with petitioner that, based on this answer, judgment should not have been entered against it.

Petitioner's answer to Interrogatory No.2 was not a model of clarity. Perhaps petitioner should have indicated exactly what

it meant by "retainage". Nevertheless, petitioners' answers indicate that this was not a clear case of admitted liability and a judgment by admission should not have been entered.

## III. Conclusion

Accordingly, petitioner's motion to strike/open the judgment by admission shall be granted. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOARD OF TRUSTEES OF OPERATING ENGINEERS LOCAL 66 COMBINED FUNDS, INC.
Plaintiff,

v.

HUNTAR DEVELOPMENT CORPORATION
Defendant,

v.

S&T BANK, SKY BANK, NORTHSIDE BANK, YARBOROUGH DEVELOPMENT and JENDOCO CONSTRUCTION CORP.,
Garnishees.

Misc. Action No. 04-399

O R D E R

Therefore, this 16th day of June, 2007, IT IS HEREBY ORDERED that petitioner's Motion to Strike/Open Judgment by Admission [document #21] is GRANTED.

BY THE COURT:

[signature], J.

cc: All Counsel of Record